UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Guillermo J.C.,[1]

        Petitioner,

v.

Merrick B. Garland, et al.,

        Respondents.

Case No. 21-cv-1334 (MJD/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Guillermo J.C.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 9].

Petitioner, who at the time he filed the present Petition was in the custody of Immigration and Customs Enforcement (hereinafter "ICE"), filed a Petition for a Writ of Habeas Corpus (hereinafter the "Petition") challenging the legality of his detention by ICE pending his removal from the United States. (See Petition, [Docket No. 9]). Petitioner seeks "immediate release" from ICE custody pending his removal from the United States. (Id.).

Since the filing of his Petition, however, Petitioner has been removed to Mexico. (Response, [Docket No. 17]; Warrant of Removal/Deportation [Docket No. 18-1]). Because Petitioner has been removed from the United States to Mexico, this matter has become moot.

Accordingly, the undersigned recommends that this matter be **dismissed without prejudice as moot**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration matters such as the present matter. Accordingly, where the Court refers to Petitioner by his name only his first name and last initial are provided.

### I.   Background

Petitioner is a native and citizen of Mexico. (See Petition, [Docket No. 9], at ¶ 21). Petitioner alleges that he entered the United States in August 2009.[2] (Id. at ¶ 22).  On January 15, 2021, Petitioner was arrested by the Cottage Grove Police Department for two charges of Driving While Impaired ("DWI"), one charge of Leaving the Scene of a Motor Vehicle Accident with an Attended Vehicle, and one charge of Driving After Revocation.  (Id. at ¶ 24; Van der Vaart Decl., [Docket No. 12], at ¶ 7).  On January 19, 2021, following arraignment, the state court judge granted an order for Petitioner's release from state custody subject to certain conditions.[3]  (Ex. E, [Docket No. 11-5], at pp. 113-14, 124).

That same day, on January 19, 2021, U.S. Immigration and Customs Enforcement ("ICE") lodged forms I-200 (Warrant for Arrest of Alien) and I-247 (Immigration Detainer-Notice of Action) with the Washington County jail where Petitioner was being held.  (Pet., [Docket No. 9], at pp. 1, 6; Van der Vaart Decl., [Docket No. 12], at ¶ 8; Ex. B, [Docket No. 11-2]).  On January 20, 2021, Petitioner was taken into immigration custody and transported to a facility in Fort Snelling, Minnesota for processing.  (Pet., [Docket No. 9], at ¶¶ 4-5; Van der Vaart Decl., [Docket No. 12], at ¶ 9).  Thereafter, Petitioner was served with Form I-862 (Notice to Appear) and Form I-286 (Notice of Custody Determination).  (Pet., [Docket No. 9], at ¶ 26; Van der Vaart Decl., [Docket No. 12], at ¶ 9; Ex. C, [Docket No. 11-3]; Ex. D, [Docket No. 11-4]).

On January 28, 2021, Petitioner appeared for his first removal hearing pro se, but it was continued to February 18, 2021, to allow Petitioner time to obtain an attorney.  (Pet., [Docket No.

---

[2] Respondents maintain that it is unknown when Petitioner re-entered the United States.  Specifically, Petitioner was arrested by U.S. Border Patrol when he entered the United States in January 2008, was granted Voluntary Return to Mexico, and repatriated that day.  (Resp. Mem., [Docket No. 10], at p. 2).  However, Petitioner previously claimed to immigration officials that he re-entered the United States in September 2011, but now maintains in his operative Petition that he entered in August 2009.  (Id. at p. 2, n. 3).
[3] Petitioner contends that the state court judge released him on his own recognizance.  (Pet., [Docket No. 9], at ¶¶ 24, 40).

9], at p. 2; Van der Vaart Decl., [Docket No. 12], at ¶ 10). Petitioner's first bond redetermination hearing on February 1, 2021, was also continued to February 22, 2021, to afford Petitioner time to obtain an attorney. (Pet., [Docket No. 9], at p. 6; Van der Vaart Decl., [Docket No. 12], at ¶ 11). On February 18, 2021, Petitioner appeared for his removal hearing with his attorney. (Van der Vaart Decl., [Docket No. 12], at ¶ 12). At the hearing, the immigration judge "sustained the charge of removability," but granted another continuance to March 11, 2021, to allow Petitioner time to submit relief from removal. (Pet., [Docket No. 9], at p. 6; Van der Vaart Decl., [Docket No. 12], at ¶ 12).

On February 22, 2021, Petitioner appeared for a second time with an attorney for his bond redetermination hearing. (Van der Vaart Decl., [Docket No. 12], at ¶ 12). Petitioner was denied bond. (Pet., [Docket No. 9], at p. 6; Van der Vaart Decl., [Docket No. 12], at ¶ 13; Ex. F, [Docket No. 11-6). On March 11, 2021, Petitioner appealed the immigration judge's bond hearing decision to the Board of Immigration Appeals ("BIA"), and subsequently filed briefing. (Pet., [Docket No. 9], at p. 7); Van der Vaart Decl., [Docket No. 12], at ¶¶ 13, 16).

On March 11, 2021, Petitioner appeared with his attorney for his second removal hearing where he filed an Application for Cancellation of Removal, an Application for Asylum, and an Application for Withholding of Removal. (Van der Vaart Decl., [Docket No. 12], at ¶ 14). In order to address Petitioner's respective applications of relief, a removal hearing was scheduled for April 6, 2021, but was later continued to allow Petitioner and his attorney additional time to prepare. (Van der Vaart Decl., [Docket No. 12], at ¶ 15).

On April 16, 2021, an immigration judge denied Petitioner's Applications for Cancellation of Removal, Asylum, and Withholding of Removal finding Petitioner was removable as charged; Petitioner was ordered removed from the United States to Mexico. (Pet., [Docket No. 9], at ¶ 27;

3

Van der Vaart Decl., [Docket No. 12], at ¶ 17; Ex. M, [Docket No. 11-13]). On April 30, 2021, Petitioner appealed the immigration judge's order of removal to the BIA. (Pet., [Docket No. 9], at ¶ 27; Van der Vaart Decl., [Docket No. 12], at ¶ 18).

On June 3, 2021, Petitioner initiated the present Habeas action, and filed an amended petition on July 2, 2021. (Pet., [Docket Nos. 1, 9]). On July 8, 2021, the BIA affirmed the immigration judge's denial of Petitioner's request for bond agreeing that Petitioner "ha[d] not met his burden to show he [was] not a danger to the community in light of his recent criminal history." (Van de Vaart Decl., [Docket No. 12], at ¶ 19; Ex. Q, [Docket No. 11-17], at p. 3). On October 22, 2021, Petitioner was removed from the United States to Mexico. (Warrant of Removal/Deportation, [Docket No. 18-1]; Van der Vaart Decl., [Docket No. 18], at ¶ 5).

**II.   Analysis**

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case or controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869-70 (8th

4

Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the appeal must be dismissed as moot.") (citations and quotations omitted)).  If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot.  See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

In the present case, Respondents assert and provide documentation demonstrating that Petitioner has been removed from the United States to Mexico. Petitioner has not submitted any evidence or argument to dispute Respondents' assertion that he has been removed from the United States to Mexico. Therefore, Respondents contend that any challenges to the legality of Petitioner's detention are now moot. (See Response, [Docket No. 17]).

Petitioner's removal from the United States to Mexico leaves nothing for the Court to grant as relief in the present habeas Petition. "He is no longer in the custody of the U.S. Immigration and Customs Enforcement (ICE), and as a result, the Court cannot order his release. Any such order would be ineffectual, and therefore [Petitioner's] habeas petition is moot." See e.g., Sirlef v. Secretary, 17-cv-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018) (collecting cases) report and recommendation adopted, 2018 WL 3404154 (D. Minn. July 12, 2018).

Nothing about Petitioner's current situation would change with a finding that he had previously been detained unlawfully. "This is the very definition of mootness." Kargbo v. Brott, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing Already,

5

LLC v. Nike, Inc., 568 U.S. 85, 90–91 (2013)).  Without an active, ongoing case or controversy in the present case, this Court lacks the requisite subject matter jurisdiction over this proceeding.  See, e.g., Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003).

However, a petitioner's removal alone does not always automatically render moot a petition challenging the legality of detention and removal.  See Mohamed v. Lynch, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, at *3 (D. Minn. Jan. 26, 2016), report and recommendation adopted, 2016 WL 593512 (D. Minn. Feb. 12, 2016); Sayonkon v. Beniecke, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012), report and recommendation adopted, 2012 WL 1622545 (D. Minn. May 9, 2012).  Rather, whether the petition becomes moot upon the petitioner's removal depends on whether any of the potential exceptions to the mootness doctrine may apply.  Mohamed, 2016 WL 563164, at *3.

> Under these exceptions, the Petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

Id. (quoting Sayonkon, 2012 WL 1621149, at *2).

### A.  Secondary or Collateral Injury

For the secondary or collateral injury exception to the mootness doctrine to apply, there must be "some concrete and continuing injury other than the now-ended" detention or "collateral consequence" still at issue.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  As this Court has previously and consistently held, this exception does not apply to when said injuries are a result of the final order of removal.  See Ahmed v. Sessions, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), report and recommendation adopted, 2017 WL 3268176 (D. Minn. July 31, 2017).

In the present case, any possible continued injury would flow from Petitioner's removal to Mexico—an injury which Petitioner is unable to challenge under this Court's jurisdiction. Consequently, the secondary or collateral injury exception to the mootness doctrine does not apply in the case presently before the Court.

### B. Capable of Repetition without Review

With regards to the exception to the mootness doctrine for actions which are capable of repetition yet evade review, the Eighth Circuit has stated:

> This exception will "rescue an otherwise moot claim if (1) the challenged conduct is of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." [Nat'l Right to Life Political Action Committee v. Connor, 323 F.3d 684, 691 (8th Cir. 2003)]. The question is "whether the controversy was *capable* of repetition and not . . . whether the claimant had demonstrated that a recurrence of the dispute was more probable than not." Honig v. Doe, 484 U.S. 305, 318 n.6 (1988) (emphasis in original).

Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 795 (2016).

Although Petitioner's detention in the case presently before the Court ended before the full litigation of its legality, Petitioner cannot be subjected to the same alleged, unlawful conduct as is at issue in his current Petition for Writ of Habeas Corpus. "If the government takes [Petitioner] into custody in the future, the government will be acting on the basis of facts and legal authority that are different from the facts and legal authority on which the government relied in imposing the detention[] challenged in [Petitioner's present] habeas petition[]." See Kargbo v. Brott, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, *2 (D. Minn. July 6, 2016). Therefore, the "capable of repetition, yet evading review" exception is similarly inapplicable to the case presently before the Court.

Moreover, there is no evidence in the record demonstrating a "reasonable expectation" that Petitioner is likely to again be held in the custody of ICE. He has been removed to Mexico, and

7

therefore, the "capable of repetition, yet evading review" exception is inapplicable to the present case.

### C. Voluntary Cessation of Illegal Practice Which Actor is Free to Resume

The voluntary cessation of an illegal practice which the defendant or respondent is thereafter free to resume at any time renders litigation moot <u>only</u> "if it is clear that the defendant [or respondent] has not changed course simply to deprive the court of jurisdiction." <u>Mohamed</u>, 2016 WL 563164, at *4 (quoting <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1329, 1333 (11th Cir. 2005); <u>Suarez-Tejeda c. United States</u>, 85 F. App'x 711, 716 (10th Cir. 2004)). First, the Court notes that nothing in the record indicates that Respondents could again resume the alleged illegal activity. Petitioner has been removed to Mexico; he is no longer in the United States, and therefore, it does not appear that Respondents could again detain him.

Additionally, there is no evidence in the record that suggests that Petitioner was removed from the United States to Mexico to deprive this Court of subject matter jurisdiction. Rather, Respondents have been attempting to remove Petitioner to Mexico since the initiation of his detention. Moreover, as set forth above, if the government does take Petitioner back into custody due to some future circumstance, it will be for different factual and legal reasons than those challenged in the Petition presently before the Court. Therefore, it is not possible for Respondents to resume <u>the same</u> allegedly illegal activity as is challenged in the present Petition, and the "voluntary cessation" exception does not apply here. See <u>Mohamed</u>, 2016 WL 563164, at *4; <u>Kargbo</u>, 2016 WL 3676162, at *2.

### D. Class Action

Finally, it is clear that the final exception to the mootness doctrine—that the case is a properly certified class action suit—does not apply here because the action presently before the Court is not a class action suit. Petitioner brought this case solely on his own behalf.

### III.   Conclusion

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

Accordingly, the undersigned recommends, consistent with other cases both in this District and elsewhere, that the habeas corpus Petition, [Docket No. 9], be denied as moot. See, e.g., Ahmed v. Sessions, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), report and recommendation adopted, 2017 WL 3268176 (D. Minn. July 31, 2017); Estrada-Heredia v. Holder, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012), report and recommendation adopted, 2012 WL 4839019 (D. Minn. Oct. 11, 2012) (finding a petition moot where petitioner was already repatriated to Mexico); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (finding appeal of petition moot where petitioner was repatriated to Egypt during the pendency of the appeal).  Because the undersigned recommends that the Petition be denied, the undersigned also recommends that this action be dismissed without prejudice. See Ali v. Cangemi, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc) (remanding case involving a detainee who was released while his petition for writ of habeas corpus

was pending, which the Court of Appeals deemed moot, to the district court with instructions to dismiss the petition without prejudice).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Guillermo J.C.'s Petition for Writ of Habeas Corpus, [Docket No. 9], be **DENIED as moot**; and

2. This matter be **DISMISSED without prejudice**.

Dated: November 2, 2021                    s/Leo I. Brisbois
                                           Hon. Leo I. Brisbois
                                           United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).